J-S48024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESUS MORALES-VAZQUEZ | |
| Appellant | No. 47 MDA 2014 |

Appeal from the PCRA Order December 10, 2013
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001898-2009, CP-38-0001899-2009,
CP-38-1901-2009, CP-38-1908-2009

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.: **FILED AUGUST 22, 2014**

Jesus Morales-Vazquez ("appellant") appeals from an order denying his motion for relief under the Post-Conviction Relief Act ("PCRA"). We affirm.

A jury found appellant guilty of a litany of sexual offenses against his children, and the trial court sentenced him to an aggregate of 48 ½ - 103 years imprisonment. This Court affirmed appellant's judgment of sentence on direct appeal. He filed a timely PCRA petition and two amended PCRA petitions through court-appointed counsel. Following an evidentiary hearing, the court denied PCRA relief. Appellant filed a timely notice of appeal and a

_____

[*] Retired Senior Judge assigned to the Superior Court.

1

timely statement of matters complained of on appeal raising several claims of ineffective assistance of counsel.

Having examined the record, the briefs of the parties, and the applicable law, and the thorough and well-reasoned opinion of the Honorable Bradford Charles of the Court of Common Pleas of Lebanon County, we conclude that Judge Bradford's opinion correctly disposes of appellant's claims of ineffective assistance of counsel. Accordingly, we adopt his opinion as our own. **See** Trial Court Opinion (trial counsel was not ineffective for failing to file motion to suppress appellant's custodial confession on the ground that his breathing problems at the time of interrogation made confession involuntary, since officers properly *Mirandized* him, never threatened him, offered to stop questioning him when he mentioned an attorney, and continued to question because he volunteered that he would remain and continue to answer questions; trial counsel not ineffective for failing to raise suppression issue on direct appeal, where court credited trial counsel's testimony that appellant did not instruct him to raise this issue on direct appeal, and since issue was meritless for the reasons provided above; trial counsel not ineffective for failing to hire an expert to show that the lack of physical evidence negates a finding of sexual abuse, where record from PCRA evidentiary hearing shows that neither trial counsel nor PCRA counsel were aware of any expert who would testify in support of appellant's position, and where expert that appellant requested was not qualified to provide this opinion; trial counsel not ineffective for failing to provide

interpreter every time he met with appellant, where court credited trial counsel's testimony during PCRA hearing that he and appellant understood each other every time they met, appellant's testimony during PCRA hearing indicated that he understood counsel, and where appellant never exhibited any inability to understand courtroom proceedings).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2014